IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02459-BNB

ALBERT VELASQUEZ,

      Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, Parole Division,

      Respondent.

---

## ORDER OF DISMISSAL

---

      Applicant, Albert Velasquez, initiated this action by filing *pro se* an Application for

a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  On September 24,

2013, he filed an amended Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 5).  Mr. Velasquez claims he is detained illegally at the Denver

County Jail pursuant to a parole hold placed by the State of Colorado Board of Parole

(the parole board) following his arrest on April 20, 2013, on new criminal charges.

      On October 8, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to

file a preliminary response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to

raise either or both of those defenses in this action.  On October 29, 2013, the Colorado

Department of Corrections Parole Division, through the Colorado attorney general, filed

a Preliminary Response (ECF No. 12) arguing that this action should be dismissed for

failure to exhaust state remedies.  Mr. Velasquez has not filed a reply to the preliminary

response despite being given an opportunity to do so.

The Court must construe the amended application liberally because Mr. Velasquez is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Velasquez is a Colorado Department of Corrections offender who was on parole before he was arrested on April 20, 2013, and charged with new crimes, i.e., first-degree burglary and two felony counts of menacing, *see* ECF No. 5 at 2, in Denver District Court Case No. 13CR1966.  A parole complaint alleged Mr. Velasquez violated the terms and conditions of his parole, and a parole hold was placed against him.  ECF No. 12, ex. B (parole complaint).  He is awaiting sentencing on the new criminal charges and a parole revocation hearing.  Mr. Velasquez complains his parole revocation proceedings are being continued until disposition of the new criminal charges in Case No. 13CR1966, and that the no-bond parole is in violation of his rights.

On September 5, 2013, Mr. Velasquez filed a motion for writ of habeas corpus with the Denver District Court in his criminal case complaining about the parole hold. ECF No. 12, ex. A (state register of actions) at 2.  To date, the motion remains pending.

Mr. Velasquez may not challenge the allegedly illegal parole hold in federal court in a habeas corpus action unless he has exhausted state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See*

2

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Velasquez has failed to respond to the affirmative defense raised in this action, and he fails to demonstrate he has fairly presented his claims to any state court. Therefore, the action will be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 5) is denied

and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  3rd  day of ____February____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court